IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DINH VAN PHAN, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. 3:21-cv-822 |
| § | | |
| KROGER TEXAS L.P. § | | |
|     Defendant. § | | JURY DEMANDED |

**DEFENDANT KROGER TEXAS L.P.'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to the terms and provisions of 28 U.S.C. §§ 1441 and 1446, Defendant Kroger Texas L.P. (hereinafter referred to as "Kroger" or "Defendant") in the cause styled "*Dinh Van Phan v. Kroger Texas L.P.*," originally pending as Cause No. DC-21-01539 in the 14th Judicial District Court of Dallas County, Texas, files this Notice of Removal of the cause to the United States District Court for the Northern District of Texas, Dallas Division.

**I.
BASIS FOR REMOVAL**

The basis of the removal of this action is diversity jurisdiction under 28 U.S.C. § 1332. In particular, diversity jurisdiction exists in this case because there is complete diversity of citizenship between the parties, Defendant is not a citizen of the State of Texas, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[1]

---

[1] *See* 28 U.S.C. § 1332 (2012).

- 1 -

## II.
## DIVERSITY JURISDICTION

Plaintiff, at the time of the initial filing of this action and at the current time of the removal of this action, was and is a citizen, resident, and domicile of the State of Texas.

Kroger Texas L.P., at the time of the initial filing of this action and at the time of the removal of this action, was and is a limited partnership formed under the laws of Ohio. The general partner of Kroger Texas L.P. is KRGP Inc., an Ohio corporation with its principal place of business in Ohio. The only limited partner is KRLP Inc., an Ohio corporation with its principal place of business in Ohio. Neither KRGP Inc. nor KRLP Inc., the only two partners of Kroger Texas L.P., has ever been a resident of, incorporated in, or had its principal place of business in the State of Texas.

## III.
## FACTUAL BACKGROUND

Plaintiff claims that, on or about April 2, 2019, Plaintiff was injured when he slipped and fell on a substance on the floor of the Kroger store located at 532 W. Interstate 30, Garland. Texas 75043.[2] Plaintiff filed suit on February 2, 2021, in in the 14th Judicial District Court, Dallas County, Texas, alleging premises liability and negligence causes of action against Defendant Kroger Texas, L.P.

## IV.
## THE AMOUNT IN CONTROVERSY

It was not clear from the face of Plaintiff's Original Petition that she was seeking in excess of $75,000.[3] Plaintiff's Original Petition states that "Plaintiff seeks monetary relief of

---

[2] *See* Plaintiff's Original Petition, attached hereto as Exhibit 2 to Index of Attachments, at Section VI.
[3] *See* Plaintiff's Original Petition attached hereto as Exhibit 2 to Index of Attachments, at p. 1 ¶ 1, wherein she specifically pleads that she is seeking "monetary relief aggregating more than $50,000."

$250,000 or less…"[4]  "If the amount in controversy is not apparent from the face of the petition, the court may rely on facts asserted in the removal notice or in an affidavit submitted by the removing defendant to support a finding of the requisite amount [and] may also apply common sense to conclude that the minimum jurisdictional amount is met."[5] When the pleadings and contentions of a party are ambiguous, a defendant can request a stipulation as to damages and a party's "refusal to stipulate that the amount in controversy does not exceed $75,000 indicates that the actual amount in controversy does exceed that sum."[6]

In an effort to clarify whether the damages sought by Plaintiff in this lawsuit met the threshold for removal, Defendant's counsel contacted Plaintiff's counsel by phone to discuss the amount of damages sought and possible removal of this case to federal court. That conversation was memorialized in an email sent to Plaintiff's Counsel moments after the telephone conversation took place.[7] Plaintiff's Counsel responded by indicating that Plaintiff refused to stipulate to seeking less than $75,000 in damages at this time.[8]

Plaintiff's tactic—that is, refusing to stipulate to a maximum amount of damages below $75,000, while simultaneously and purposefully alluding to the possibility that the "amount in controversy" may be below that threshold—is not novel. In fact, the U.S. Court of Appeals for

---

[4] See Plaintiff's Original Petition, attached hereto as Exhibit 2 to Index of Attachments, at Section V, ¶ 9.
[5] *Heitman v. State Farm Mut. Auto. Ins. Co.*, CIV. 3:02-CV-0433-D, 2002 WL 546756, at *2 (N.D. Tex. Apr. 9, 2002) (citing *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995); *De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir.1993)).
[6] *Heitman v. State Farm*, 2002 WL 546756, at *2 (citing *De Aguilar v. Boeing*, 47 F.3d 1404, 1412 (5th Cir.1995) (holding that "[l]itigants who want to prevent removal must file a binding stipulation or affidavit [stating that the amount in controversy does not exceed $75,000] with their complaints[.];" quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992) (per curiam)).
[7] See Email Chain with Plaintiff's Counsel, dated March 12, 2021, attached hereto as Exhibit 5 to Index of Attachments.
[8] See Email Chain with Plaintiff's Counsel, dated March 12, 2021, attached hereto as Exhibit 5 to Index of Attachments.

the Fifth Circuit addressed this sort of gamesmanship more than twenty years ago, finding it to be in bad faith, and agreeing that the amount in controversy exceeds $75,000 in cases where plaintiffs refuse to stipulate to a limitation of damages below the jurisdictional removal threshold:

> "[If] plaintiff can, therefore, recover more on his state claim than the jurisdictional minimum, the case is removable; and, where plaintiff's cause of action and the relief sought clearly involve a controversy in excess of the required amount, removal is not defeated by a monetary prayer for less than the amount… accordingly, we hold that if a defendant can show that, as a matter of law, it is certain that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint… such a rule is necessary to avoid the sort of manipulation that has occurred in the instant case."[9]

## V.
## REMOVAL IS TIMELY

This removal is timely because it is filed "within thirty days after receipt, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained the case is one which is or has just become removable."[10]  Defendant first became aware this case was removable on or about March 12, 2021, when Plaintiff's counsel indicated in writing that Plaintiff refused to make a stipulation regarding limiting damages to an amount that would preclude federal jurisdiction. Accordingly, this removal is timely because it is made within thirty days after the receipt by Defendant of the document

---

[9] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410–11 (5th Cir. 1995).
[10] 28 U.S.C. § 1446(b).

that first demonstrated the case was unequivocally removable. Moreover, more than one year has not passed since the commencement of the action in state court on February 2, 2021.[11]

## VI.
## VENUE

Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the county in which the removed action has been pending.

## VII.
## PROCEDURAL REQUIREMENTS

Defendant filed with the Clerk of the 14th Judicial District Court, Dallas County, Texas, a Notice of Filing Notice of Removal to Federal Court simultaneously with the filing of this Notice of Removal.

Pursuant to Local Rule 81.1, the following documents are attached hereto for the Court's reference:

(1) State court docket sheet (as of April 7, 2021);

(2) Plaintiff's Original Petition (filed February 2, 2021) with Service of Citation;

(3) Return of Citation for Kroger Texas L.P. (February 9, 2021);

(4) Defendant's Original Answer (filed March 5, 2021); and

(5) Email Chain with Plaintiff's Counsel, dated March 12, 2021.

Also, in compliance with Local Rule 81.1, Defendant has filed the following documents with the Notice:

- Civil Cover Sheet;
- Supplemental Civil Cover Sheet; and

---

[11] *See id.*

- Certificate of Interested Persons.

**WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully prays that this case be removed to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully submitted,

/s/ B. Kyle Briscoe
**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Hope Zimlich Miranda**
State Bar No. 24084146
hmiranda@peavlerbriscoe.com
PEAVLER I BRISCOE
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (Telephone)
(214) 999-0551 (Facsimile)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record, in accordance with and pursuant to the Federal Rules of Civil Procedure on April 9, 2021.

/s/ B. Kyle Briscoe
B. Kyle Briscoe