# EXHIBIT 1

Exhibit 1

# Case Information

DC-21-01539 | DINH VAN PHAN vs. KROGER TEXAS, L.P.

| Case Number | Court | Judicial Officer |
|---|---|---|
| DC-21-01539 | 14th District Court | MOYE', ERIC |
| File Date | Case Type | Case Status |
| 02/02/2021 | OTHER PERSONAL INJURY | OPEN |

# Party

PLAINTIFF
PHAN, DINH VAN

Active Attorneys ▾
Lead Attorney
CAO, MICHAEL H
Retained

DEFENDANT
KROGER TEXAS, L.P.

Address
ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
211 EAST 7TH STREET, SUITE 620
AUSTIN TX 78701

Active Attorneys ▾
Lead Attorney
BRISCOE, B KYLE
Retained

# Events and Hearings

02/02/2021 NEW CASE FILED (OCA) - CIVIL

02/02/2021 ORIGINAL PETITION ▾

ORIGINAL PETITION

02/02/2021 JURY DEMAND ▾

JURY DEMAND FORM

02/02/2021 ISSUE CITATION

02/08/2021 CITATION ▾

Served
02/12/2021

Anticipated Server
ESERVE

Anticipated Method
Actual Server
CERTIFIED MAIL

Returned
02/25/2021
Comment
KROGER TEXAS LP

02/25/2021 RETURN OF SERVICE ▾

EXECUTED CITATION- KROGER TEXAS LP

Comment
EXECUTED CITATION- KROGER TEXAS LP

03/05/2021 ORIGINAL ANSWER - GENERAL DENIAL ▾

ORIGINAL ANSWER

# Financial

PHAN, DINH VAN

| | | |
|---|---|---|
| Total Financial Assessment | | $340.00 |
| Total Payments and Credits | | $340.00 |

| | | | | |
|---|---|---|---|---|
| 2/5/2021 | Transaction Assessment | | | $340.00 |
| 2/5/2021 | CREDIT CARD - TEXFILE (DC) | Receipt # 7609-2021-DCLK | PHAN, DINH VAN | ($340.00) |

# Documents

ORIGINAL PETITION

JURY DEMAND FORM

EXECUTED CITATION-KROGER TEXAS LP
ORIGINAL ANSWER

# EXHIBIT 2

**Exhibit 2**



**Notice of Service of Process**

**null / ALL**
**Transmittal Number: 22761358**
**Date Processed: 02/15/2021**

| | |
|---|---|
| **Primary Contact:** | Venessa C. Wickline Gribble<br>The Kroger Co.<br>1014 Vine Street<br>Cincinnati, OH 45202-1100 |

| | |
|---|---|
| **Entity:** | Kroger Texas L.P.<br>Entity ID Number 2172000 |
| **Entity Served:** | Kroger Texas, L.P. |
| **Title of Action:** | Dinh Van Phan vs. Kroger Texas, L.P. |
| **Matter Name/ID:** | Dinh Van Phan vs. The Kroger Co. (9202532) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Dallas County District Court, TX |
| **Case/Reference No:** | DC-21-01539 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 02/12/2021 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Michael H. Cao<br>214-703-0903 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**FORM NO. 353-3 - CITATION**
**THE STATE OF TEXAS**

To:    **KROGER TEXAS, L.P.**
       **ITS REGISTERED AGENT CORPORATION SERVICE COMPANY**
       **D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY**
       **211 EAST 7TH STREET SUITE 620**
       **AUSTIN TX 78701**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of
twenty  days after you were served this citation and petition, a default judgment may be taken against you. In
addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties
of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.
Find out more at TexasLawHelp.org.  Your answer should be addressed to the clerk of the **14th District Court** at
600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **DINH VAN PHAN**

Filed in said Court **2nd day of February, 2021** against

**KROGER TEXAS, L.P.**

For Suit, said suit being numbered **DC-21-01539,** the nature of which demand is as follows:
Suit on **OTHER PERSONAL INJURY** etc. as shown on said petition **REQUEST FOR DISCLOSURES**, a copy
of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 8th day of February, 2021.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas



        By _Courtny Rutledge_____ , Deputy
            COURTNEY RUTLEDGE

---

**ESERVE**

**CITATION**

**DC-21-01539**

**DINH VAN PHAN**
**vs.**
**KROGER TEXAS, L.P.**

**ISSUED THIS**
**8th day of February, 2021**

**FELICIA PITRE**
Clerk District Courts,
Dallas County, Texas

By: COURTNEY RUTLEDGE, Deputy

**Attorney for Plaintiff**
**MICHAEL H CAO**
CAO & ASSOCIATES PC
3212 N JUPITER RD
SUITE 128
GARLAND TX 75044
214-703-0903
**MCAO@CAOATLAW.COM**

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. :  DC-21-01539

Court No.14th District Court

Style: DINH VAN PHAN

vs.

KROGER TEXAS, L.P.

Came to hand on the _____day of _____, 20_____, at _____ o'clock _____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____ day of_____,

20_____, by delivering to the within named _____

_____

each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $ _____ | of _____County, _____ |
| For Notary | $_____ | By _____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said  _____ before me this _____ day of _____, 20 _____,

to certify which witness my hand and seal of office.

_____

Notary Public _____ County _____

FILED
2/2/2021 5:08 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Alicia Mata DEPUTY

Case 3:21-cv-00822-B   Document 1-2   Filed 04/09/21   Page 9 of 31   PageID 16

1 CIT/ESERVE

NO. DC-21-01539

| | | |
|---|---|---|
| **DINH VAN PHAN** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | 14th **JUDICIAL DISTRICT** |
| | § | |
| **KROGER TEXAS, L.P.,** | § | |
| **Defendant.** | § | **OF DALLAS COUNTY, TEXAS** |

**PLAINTIFF'S ORIGINAL PETITION AND REQUIRED DISCLOSURES**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES**, DINH VAN PHAN, hereinafter called "Plaintiff", complaining of and about KROGER TEXAS L.P., hereinafter called "Defendant", and for cause of action shows unto the Court the following:

### I.     DISCOVERY CONTROL PLAN LEVEL

1.     Plaintiff requests discovery be conducted under level 1 in accordance with 190.2 of the Texas Rules of Civil Procedure.

### II.     REQUIRED DISCLOSURES

2.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff seeks Defendant to disclose, within thirty (30) days of filing of the first answer, the information and materials described in Rule 194.2, 194.3, and 194.4 of the Texas Rules of Civil Procedure to the undersigned law office.

### III.     PARTIES AND SERVICE

3.     Plaintiff, DINH VAN PHAN, is a resident of, Garland, Dallas County, Texas.

4.     Defendant KROGER TEXAS L.P., is a Texas corporation and may be served with process with their registered agent, Corporation Service Company, d/b/a CSC-Lawyers

Incorporating Service Company, at its registered office, 211 East 7th Street, Suite 620, Austin, Texas 78701, or wherever it may be found.

### IV.  **MISNOMER/ALTER EGO**

5.      In the event any party is misnamed or not included, this was a misidentification or misnomer, and/or those parties are or were alter egos of the named parties. Alternatively, any corporate veils or other contrivances should be pierced to hold such parties properly included in the interest of justice.

6.      Plaintiff expressly invokes Rule 28 of the Texas Rules of Civil Procedure to have the true name(s) of the parties substituted at a later time upon motion of any party of the Court.

### V.  **JURISDICTION AND VENUE**

7.      This Court has jurisdiction over the parties because Defendant is a Dallas County, Texas resident.

8.      Venue in Dallas County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

9.      The subject matter in controversy is within the jurisdictional limits of this court. Plaintiff seeks monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs.

10.      Plaintiff is not making any claims for relief under federal law and any removal to federal court would be in bad faith and met with an immediate motion to remand and for sanctions, as there is a lack of diversity amongst the parties, and Plaintiff is not brining any claims under federal law.

## VI.    **FACTS**

11.    At all times hereto, Defendant, Kroger Texas, L.P., was the owner occupier located at 532 W. Interstate 30, Garland TX 75043.

12.    On or about April 2, 2019, Plaintiff went to Kroger in East Dallas, to customer service. When Plaintiff was walking down the drink aisle to customer service, he slipped and fell on a slick substance on the floor.

13.    Plaintiff suffered serious bodily injuries as a direct result of the fall due to the slick floor, which Defendant knew existed.

## VII.    **LIABILITY AND NEGLIGENCE OF DEFENDANT**

14.    At the time and on the occasion in question, Defendant owned and operated Kroger located at 532 W. Interstate 30, Garland TX 75043. At the time of the accident, Defendant negligently failed to maintain their premises in a safe and reasonable manner. Defendant had a duty to exercise ordinary care and reasonably and prudently maintain their premises safe for all people of the property. In setting up and maintaining the store, Defendant and its employees failed to use ordinary care by various acts of omissions and/or commissions, including but not limited to the following, each of which singularly or in combination, was a proximate cause of the incident in question:

        a.    In failing to monitor the condition of the floor in the store;

        b.    In failing to promptly clean the floor;

        c.    In failing to properly train its employees;

        d.    In failing to warn others that a dangerous condition existed; and

        e.    In creating a hazard to others.

15.    Such negligence, either singularly or in combination, proximately caused Plaintiff's

injuries and resulting damages.

16.     Nothing Plaintiff did or failed to do was a proximate or contributing cause of the basis of this suit.

## VIII.   PREMISES LIABILITY

17.     Plaintiff was an invitee on the premises in question occupied and/or controlled by Defendant. Defendant knew, or in the exercise of ordinary care, should have known of an unreasonable dangerous condition existing on the floor, which posed an unreasonable risk or harm to the general public, including Plaintiff, but failed to inspect and make safe or adequately warn him of the condition.

18.     In the alternative, Plaintiff would show that he was a licensee on the premises in question occupied and/or controlled by Defendant. Defendant knew of an unreasonable dangerous condition existing on the floor, which posed an unreasonable risk of harm to the general public, including Plaintiff, but failed to make safe or adequately warn him of the condition. Plaintiff was without knowledge of the dangerous condition of the premises prior to the incident in question.

## IX.   PROXIMATE CAUSE

19.     Each and every, all and singular of the foregoing acts and omissions, on the part of Defendant, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## X.   DAMAGES FOR PLAINTIFF

20.     As a direct and proximate result of the occurrence made the basis of this lawsuit and Defendant's acts as described herein, Plaintiff was caused to suffer personal injuries and to endure anxiety, pain, and illness resulting in damages more fully set forth below:

> a. The physical pain and mental anguish sustained from the date of the incidence to the time of verdict herein;

b.  The physical pain and mental anguish which, in reasonable medical probability, will be suffered after the date of verdict herein;

c.  The reasonable and necessary costs of medical care and treatment, including doctors, hospitals, nurses, medicines, and other services and supplies from the date of the incident to the time of the verdict herein;

d.  The reasonable and necessary costs of medical care and treatment, including doctors, hospitals, nurses, medicines, and other services and supplies, which in all reasonable probability will be incurred in the future after the date of verdict herein;

e.  Physical impairment which has been sustained, resulting in lessened use and/or movement of various parts of Plaintiff's body from the date of the incident to the date of verdict herein;

f.  The physical impairment which, in reasonable probability, will be sustained to various parts of Plaintiff's body, resulting in lessened use and/or movement of same in the future after the date of verdict herein.

g.  Physical disfigurement which has been sustained, resulting in lessened use and/or movement of various parts of Plaintiff's body from the date of the incident to the date of verdict herein; and

h.  The physical disfigurement which, in reasonable probability, will be sustained to various parts of Plaintiff's body, resulting in lessened use and/or movement of same in the future after the date of verdict herein.

21.     By reason of the above, Plaintiff has suffered losses and in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## XI.     PRESERVING EVIDENCE

22.     Plaintiff hereby requests and demand that Defendant preserves and maintains all evidence pertaining to any claim or defense related to the incident that made the basis of this lawsuit or the damages resulting from, including statements, photographs, videotapes, audiotapes, surveillance, or security tapes or information, business or medical records, incident reports, tenant files, periodic reports, financial statements, bills, telephone call slips or records, estimates, invoices, checks, measurements, correspondence, facsimiles, email voice mail, text messages, and

evidence involving the incident in question, and any electronic image or information related to the referenced incident or damages. Failure to maintain such items will constitute "spoliation" of the evidence.

## XII.   NOTICE OF USE

23.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant is hereby notified that Plaintiff intends to use all documents produced by Defendant in response to written discovery in pretrial proceedings and trial. Defendant is required to assert any objection to the authenticity of any document Plaintiff produces within ten days of its production.

## XIII.   PRAYER

24.     WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prat that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff and against Defendant for damages in an amount within the jurisdictional limits of the Court, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of the court, and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

Michael H. Cao
TX Bar No.:  24012379
Email: mcao@caoatlaw.com
Omar R. Gutierrez
Email: omar@caoatlaw.com
TX Bar No.: 24101076

CAO & Associates, P.C.
3212 N. Jupiter Rd Ste 128
Garland, TX 75044
Tel: 214-703-0903
Fax: 469-519-8812
**ATTORNEYS FOR**
**DINH VAN PHAN**

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY.**

LEGAL DOCUMENT MANAGEMENT
5930 LBJ FREEWAY SUITE 307
DALLAS, TEXAS 75240



CERTIFIED MAIL

7020 2450 0000 2120 2245



US POSTAGE
$07.85°
First-Class
Mailed From 75240
02/09/2021
032A 0061855100

CORPORATION SERVICE COMPANY
211 E. 7th STREET., #620
AUSTIN, TEXAS 78701

# EXHIBIT 3

**Exhibit 3**

FILED
2/25/2021 2:26 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Gay Lane DEPUTY

**FORM NO. 353-3 - CITATION**
**THE STATE OF TEXAS**

To:    **KROGER TEXAS, L.P.**
       **ITS REGISTERED AGENT CORPORATION SERVICE COMPANY**
       **D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY**
       **211 EAST 7TH STREET SUITE 620**
       **AUSTIN TX  78701**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of
twenty   days after you were served this citation and  petition, a default judgment may be taken against you. In
addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties
of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.
Find out more at TexasLawHelp.org.  Your answer should be addressed to the clerk of the **14th District Court** at
600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **DINH VAN PHAN**

Filed in said Court  **2nd day of February, 2021**  against

**KROGER TEXAS, L.P.**

For Suit, said suit being numbered **DC-21-01539,** the nature of which demand is as follows:
Suit on **OTHER PERSONAL INJURY** etc. as shown on said petition **REQUEST FOR DISCLOSURES**, a copy
of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 8th day of February, 2021.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

                    By _____, Deputy
                           COURTNEY RUTLEDGE



---

**ESERVE**

**CITATION**

---

**DC-21-01539**

---

**DINH VAN PHAN**
vs.
**KROGER TEXAS, L.P.**

ISSUED THIS
**8th day of February, 2021**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  COURTNEY RUTLEDGE, Deputy

---

**Attorney for Plaintiff**
**MICHAEL H CAO**
CAO & ASSOCIATES PC
3212 N JUPITER RD
SUITE 128
GARLAND TX  75044
214-703-0903
MCAO@CAOATLAW.COM

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

Copy from re:SearchTX

# OFFICER'S RETURN

Case No. : DC-21-01539

Court No.14th District Court

Style: DINH VAN PHAN

vs.

KROGER TEXAS, L.P.

Came to hand on the _09_ day of _February_, 20 _21_, at _9:00_ o'clock _A_.M. Executed at _Austin, TX 78701_  _211 E 7th St, Ste 620_,

within the County of _Travis_ at _6:34_ o'clock _A_.M. on the _12_ day of _February_,

20 _21_, by delivering to the within named _Kroger Texas L.P. by serving Reg. Agent Corporation Service_

_Company by CMRRR (7020-2450-0000-2120-2245)_

each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:  To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $ 75 |  |
| For mileage | $ | of _____ County, |
| For Notary | $ | By Heath Bork #8133 Deputy |
|  |  | Exp 2/28/22 |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _Heather Bork_ before me this _22_ day of _February_, 20 _21_,

to certify which witness my hand and seal of office.

Jacqueline Cervantes

Notary Public _Dallas_ County _TX_

JACQUELINE RENDON CERVANTEZ
Notary Public, State of Texas
Comm. Expires 08-13-2024
Notary ID 132623008



Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 50921841
Status as of 2/26/2021 11:16 AM CST

Associated Case Party: DINHVANPHAN

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Judy HNguyen | | judy@caoatlaw.com | 2/25/2021 2:26:34 PM | SENT |
| Michael Cao | | mcao@caoatlaw.com | 2/25/2021 2:26:34 PM | SENT |
| Omar RGutierrez | | omar@caoatlaw.com | 2/25/2021 2:26:34 PM | SENT |

Copy from re:SearchTX

# EXHIBIT 4

**Exhibit 4**

FILED
3/5/2021 12:55 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Loaidi Grove DEPUTY

CAUSE NO. DC-21-01539

| | | |
|---|---|---|
| DINH VAN PHAN, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | 14th JUDICIAL DISTRICT |
| | § | |
| KROGER TEXAS, L.P. | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

---

**DEFENDANT'S ORIGINAL ANSWER AND SPECIAL EXCEPTION**

---

COMES NOW, Defendant Kroger Texas L.P., ("Defendant") in the above-entitled and numbered cause and files its Original Answer and Special Exception and, in support thereof, respectfully shows the Court as follows:

## I.
## GENERAL DENIAL

1.      Defendant denies each and every, all and singular, the material allegations contained in Plaintiff's Original Petition, demands strict proof thereof and, to the extent that such matters are questions of fact, says Plaintiff should prove such facts by a preponderance of the evidence and/or by clear-and-convincing evidence to a jury, if Plaintiff can so do.

## II.
## DEFENSES

2.      Defendant specifically denies Plaintiff's allegations that it was negligent in any respect, and Defendant denies that its alleged acts or omissions proximately caused Plaintiff's alleged damages.

3.      Defendant claims that Plaintiff failed to use that degree of care and caution as would have been used by a reasonable person under the same or similar circumstances, thereby producing or proximately causing Plaintiff's alleged damages, if any.  Such acts or omissions of

---

Plaintiff were the sole proximate cause of Plaintiff's alleged damages, if any, as Plaintiff should have kept a proper lookout for his own safety and avoided the alleged unreasonably dangerous condition.

4.    To the extent applicable, Defendant may show that the acts or omissions of third persons not under the control of Defendant were the sole, producing, or proximate cause of Plaintiff's damages or injuries, if any.

5.    Defendant asserts that it had neither actual nor constructive knowledge of the condition about which Plaintiff complains and that, in any event, the alleged hazard was not "unreasonably dangerous."

6.    Defendant may alternatively show that it adequately warned Plaintiff of the condition, or that the condition was open and obvious, relieving Defendant of any duty to warn of the condition or make it safe.

7.    Defendant may further show that the damages of which Plaintiff complains, if any, were the result of prior, pre-existing, or subsequent injuries, accidents, or conditions, and said prior, pre-existing, or subsequent injuries, accidents, or conditions were the sole or a contributing cause of Plaintiff's damages, if any.

8.    Defendant may further show that Plaintiff breached his duty to mitigate damages by failing to exercise reasonable care and diligence to avoid loss and minimize the consequences of damages.

9.    Defendant may further show that the accident complained of was an unavoidable accident as that term is known in law.

10.     Defendant respectfully requests that the factfinder allocate responsibility, if any, among all parties, settling parties, and responsible third parties, in accordance with Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

11.     Defendant further asserts that any claims for medical or health care expenses incurred are limited to the amount actually paid or incurred by or on behalf of Plaintiff pursuant to Texas Civil Practice and Remedies Code § 41.0105.

12.     Defendant asserts that it is entitled to contribution, indemnity, and all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law, in the unlikely event that an adverse judgment is rendered against it in this matter.

13.     Defendant contends that, pursuant to § 18.091 of the Texas Civil Practice & Remedies Code, to the extent Plaintiff is seeking a recovery for loss of earnings, lost wages, loss of earning capacity and/or loss of contributions of pecuniary value, evidence of this alleged loss must be presented by Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law.

### III.
### SPECIAL EXCEPTION

Further answering herein, pursuant to Rule 91 of the Texas Rules of Civil Procedure, Defendant objects and specially excepts to Section XII of Plaintiff's Original Petition, titled "Notice of Use," which improperly attempts to invoke Rule 193.7 of the Texas Rules of Civil Procedure. Specifically, such paragraph states that "[p]ursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant is hereby notified that Plaintiff intends to use all documents produced by Defendant in response to written discovery in pretrial proceedings and trial. Defendant is required to assert any objection to the authenticity of any document Plaintiff produces within

ten days of its production." However, Rule 193.7 requires that the party invoking Rule 193.7 provide "actual notice that ***the document* *will*** be used" to the producing party.[1] Furthermore, "the ten-day period allowed for objection to authenticity . . . does not run from the production of the material or information but from the party's ***actual awareness that the document will be used***."[2] Accordingly, it is clear that Rule 193.7 requires more than a mere blanket statement that all documents produced in discovery will be authenticated against the producing party. Such a blanket statement not only fails to satisfy the requirements of Rule 193.7, but it also places an unreasonable burden upon Defendant to review all documents it produces and prophylactically render objections regarding the authenticity of said documents. Therefore, Defendant requests that the Court strike Section XII of Plaintiff's Original Petition.

## IV.
## PRAYER

Defendant respectfully prays that Plaintiff take nothing by this cause of action, that Defendant be permitted to recover the costs expended on its behalf, and for such other and further relief to which Defendant may show itself justly entitled, in law or in equity.

---

[1]   TEX. R. CIV. P. 193.7 (2017) (emphasis added).

[2]   *Id.*, cmt. 7 (emphasis added).

Respectfully submitted,

/s/ B. Kyle Briscoe

**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Hope Zimlich Miranda**
State Bar No. 24084146
hmiranda@peavlerbriscoe.com
**PEAVLER | BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (facsimile)

**ATTORNEYS FOR DEFENDANT**


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Texas Rules of Civil Procedure on March 5, 2021.

/s/ B. Kyle Briscoe

**B. Kyle Briscoe**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Donna Peavler on behalf of Bryan Briscoe
Bar No. 24069421
dpeavler@peavlerbriscoe.com
Envelope ID: 51200010
Status as of 3/5/2021 1:26 PM CST

Associated Case Party: DINHVANPHAN

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Judy HNguyen | | judy@caoatlaw.com | 3/5/2021 12:55:39 PM | SENT |
| Michael Cao | | mcao@caoatlaw.com | 3/5/2021 12:55:39 PM | SENT |
| Omar RGutierrez | | omar@caoatlaw.com | 3/5/2021 12:55:39 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Bryan KyleBriscoe | | kbriscoe@peavlerbriscoe.com | 3/5/2021 12:55:39 PM | SENT |
| Hope ZimlichMiranda | | hmiranda@peavlerbriscoe.com | 3/5/2021 12:55:39 PM | SENT |
| Sandy Dixon | | sdixon@peavlerbriscoe.com | 3/5/2021 12:55:39 PM | SENT |
| Joy Rose | | JRose@PeavlerBriscoe.com | 3/5/2021 12:55:39 PM | SENT |

# EXHIBIT 5

Exhibit 5

**Hope Miranda**

| | |
|---|---|
| **From:** | omar@caoatlaw.com |
| **Sent:** | Friday, March 12, 2021 5:18 PM |
| **To:** | Hope Miranda |
| **Cc:** | Joy Rose |
| **Subject:** | RE: Phan v. Kroger |
| **Attachments:** | Demand_Dinh Phan_1614096286.pdf; Copy of Phan, D. PE 8.12.19.pdf |

Hope,

Thank you for the phone call earlier today and it is my understanding Kroger will attempt to remove the case to federal court, which Plaintiff opposes. We had discussed the damages Plaintiff would seek. I hope this email provides more insight regarding Plaintiff's damages as stated in his Original Petition. Plaintiff's demand was sent out on February 23, 2021, with a ten (10) day expiration date to Kristin Elkins, the claims examiner for Kroger. I reached out to Ms.Elkins on March 5, 2021, and she responded to me on March 8, 2021 saying that she would hope to get back to me that week. Plaintiff's demand deadline has expired, although Plaintiff wishes to receive an offer and continue to engage in informal settlement negotiations. I attached a copy of Plaintiff's demand which which states the settlement demand requested at that time. In addition, I attached a medical record from Texas Medical Consultants that recommends a neurologist/orthopedic spine surgeon regarding my clients spinal structural injuries that has not yet occurred and could alter Plaintiff's damages model. For those reasons, Plaintiff has filed its Original Petition under TRCP Rule 169 tracking the same language from the rule seeking $250,000 excluding other costs as an expedited action. It is my understanding the modification of the rule as of the year 2021 has an intent for a plaintiff to not need to determine their expected recovery with absolute accuracy.

With respect,
Omar R. Gutierrez

-------- Original Message --------
Subject: Phan v. Kroger
From: Hope Miranda <hmiranda@peavlerbriscoe.com>
Date: Fri, March 12, 2021 10:01 am
To: "omar@caoatlaw.com" <omar@caoatlaw.com>
Cc: Joy Rose <jrose@peavlerbriscoe.com>

Omar,

It was a pleasure speaking to you a few moments ago. I wanted to send a quick email to memorialize our conversation.

During our call, I expressed a need to determine whether this case was removable so that, in the event Plaintiff is seeking more than $75,000, Kroger can remove by today's deadline. We discussed that due to a desire to possibly negotiate early settlement, we have agreed to forego serving discovery at this time to allow time for those discussion to take place. However, I requested that Plaintiff stipulate to seeking less than $75,000 since, due to our agreement with you, we had not yet had the opportunity to confirm the amount of damages sought via written discovery requests. You indicated that, at this time, Plaintiff cannot make that stipulation, and understood that without such a stipulation, Kroger would proceed with removing this case to federal court.

1

If that which is outlined above meets your recollection of our conversation a few moments ago, please confirm by responding to this email.

Regards,

**Hope Miranda**
**Attorney**

PEAVLER|BRISCOE
2215 Westgate Plaza
Grapevine, Texas 76051
214.999.0550 main
214.999.0551 fax
www.peavlerbriscoe.com



**CONFIDENTIALITY NOTICE:** The information contained in this email message may be confidential and/or legally privileged. This email message is intended to be reviewed by only the individual(s) recipient(s) named herein.  If the reader of this email message is not the intended recipient, such reader is hereby notified that any review, dissemination, or copying of this email message or the information contained herein is prohibited.  The transmittal and/or subsequent dissemination of this email message shall not be deemed to waive any attorney-client privilege which may exist with the intended recipient(s).  If the reader of this email message has received it in error, the reader should immediately notify the sender by email or by telephone, delete from their system the original email message and return this email message to the sender.